IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUAN R ACHURRA,

    Petitioner,

v.                                            CASE NO. 4:10-cv-00564-MP -GRJ

LEON COUNTY DETENTION CENTER, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a December 9, 2010, contempt order in a Leon County Circuit Court domestic matter, and the state court's subsequent December 20, 2010, writ of bodily attachment ordering Petitioner's incarceration for 30 days or until payment of a $5000 purge amount. Petitioner concedes that he has filed a notice of appeal in state court, and that such appeal is currently pending.

Federal habeas relief may not be granted unless a Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process.").

It is clear that Petitioner has invoked available state court remedies but that he

has not exhausted them, and the petition does not present any "circumstances . . . that render such process ineffective to protect the rights of the applicant."

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DISMISSED** without prejudice for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.